### Appeal of S. W. BRIDGES & CO.

Docket No. 8600.   Decided August 5, 1926.

In determining whether the net income for 1922 is in excess of $25,000 and the credit of $2,000 provided for by section 236 (b) of the Revenue Act of 1921 is to be allowed, the net loss provided for by section 204 (b) may not be deducted.

*Samuel Freedman, Esq.*, for the petitioner.
*D. D. Shepard, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, LOVE, and MORRIS.

This appeal is from the determination of a deficiency in income tax for the year 1922 in the amount of $250.

#### FINDINGS OF FACT.

The petitioner is a Massachusetts corporation with its principal office at Boston.

The petitioner's net income for the year 1922 was $115,962.96. For the year 1921 it sustained a net loss in the amount of $106,499.83, which, under the provisions of section 204 (b) of the Revenue Act

of 1921, has been allowed by the Commissioner as a reduction of its net taxable income for the year 1922. The net taxable income for the year 1922 computed in this manner was $9,463.13.

In computing the deficiency herein the Commissioner denied to the taxpayer the specific credit of $2,000 provided for by section 236 (b) of the Revenue Act of 1921, upon the ground that the taxpayer's net income was in excess of $25,000.

OPINION.

MARQUETTE: The petitioner's net income for the year 1922, after deducting the net loss sustained in the year 1921, is less than $25,000, and it contends that the net income so determined is the " net income " referred to in section 236 (b) of the Revenue Act of 1921, and that it is therefore entitled to the specific credit of $2,000 provided by the section. The same question here presented was before this Board in the *Appeal of American Varnish Co.*, 2 B. T. A. 201. In that appeal the taxpayer's net income for the fiscal year ended June 30, 1922, was in excess of $33,000. It had sustained a net loss for the fiscal year ended June 30, 1921, one-half of which was applied against its net income for the fiscal year ended June 30, 1922, thereby reducing its net taxable income for that fiscal year to less than $25,000. The Board, holding that the taxpayer was not entitled to the specific credit of $2,000 provided by section 236 (b) of the Revenue Act of 1921, said:

Net income is defined in section 232 as " the gross income as defined in section 233 less the deductions allowed by section 234." Among the deductions listed in section 234, the net loss of the preceding year is not included. Provision is made specially for this further reduction of taxable net income in section 204. The provisions of that section material here are contained in section 204 (b), which reads in full as follows:

"(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary."

The taxes on corporations are imposed under the Revenue Act of 1921 by section 230, the material portion of which reads:

" * * * there shall be levied, collected, and paid for each taxable year upon the net income of every corporation a tax at the following rates: * * * * "

This section imposes a tax upon the net income, and net income is defined as gross income less certain deductions which do not include the net loss allowed to be deducted under section 204. In like manner section 236 grants a specific credit to corporations the net income of which does not exceed

$25,000, and denies that benefit to corporations the net income of which does exceed that amount.

The petitioner herein urges that we erred in our decision in that appeal and that it should be modified. However, upon careful consideration, we perceive no sound reason for changing our views therein expressed.

*The deficiency is $250. Order of redetermination will be entered accordingly.*